# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4195 PA (PLAx) | Date | June 3, 2011 |
|---|---|---|---|
| Title | Wilmington Trust Co. v. Gregory Vanderpas, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

    The Court is in receipt of a Notice of Removal filed by defendants Gregory and Pamela Vanderpas ("Defendants") on May 16, 2011. (Docket No. 1.) The Complaint, filed by Plaintiff Wilmington Trust Company, asserts a single cause of action under state law for unlawful detainer. Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 1443(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

    Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    42 U.S.C. § 1443(1) allows a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Removal under section 1443(1) must satisfy a two-part test:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights . . . . Second, petitioners must assert that the state courts will not enforce that right, and that the allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006)(quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)).

    Here, Defendants allege that "removal is necessary to overcome the undue prejudice caused by the Unlawful Detainer restrictions and numerous violations perpetrated by parties other than plaintiff in

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4195 PA (PLAx) | Date | June 3, 2011 |
|---|---|---|---|
| Title | Wilmington Trust Co. v. Gregory Vanderpas, et al. | | |

said case prior to the alleged trustee sale and purported claim to the subject property." (Notice of Removal at ¶ 9.) Defendants further contend that failure to remove this case "will cause irreparable harm and inability to enforce such rights in said state court under the laws providing for the equal protection of rights as per federal codes, statutes and foundational documents and denial of proper remedies in law." (Notice of Removal at ¶ 11.) However, Defendants do not allege any way in which their civil rights have been or will be compromised if this action proceeds in state court. Nor do Defendants cite to any state statute or constitutional provision that would result in the state court's denial or refusal to enforce Defendants' civil rights. See City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828, 86 S. Ct. 1800, 1812, 16 L. Ed. 2d 944 (1966) ("Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."). Accordingly, Defendants' allegations are insufficient to satisfy either of the requirements set forth in the two-part test articulated in Sandoval. Defendants have failed to meet their burden in establishing that removal under section 1443(l) is appropriate.

Defendants have also failed to properly allege any other basis for this Court's jurisdiction. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where the plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, there is only one cause of action for unlawful detainer alleged in the Complaint. No federal claim is alleged. Further, Defendants do not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. To the extent that Defendants wish to assert a defense based on an alleged violation of their federal civil rights, this does not create a basis for federal question jurisdiction. Moreover, supplemental jurisdiction under 28 U.S.C. § 1367 does not exist because there is no basis for original jurisdiction in the first instance.

For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question jurisdiction exists over this action. Accordingly, this action is hereby remanded to the Los

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-4195 PA (PLAx) | Date | June 3, 2011 |
|---|---|---|---|
| Title | Wilmington Trust Co. v. Gregory Vanderpas, et al. | | |

Angeles County Superior Court, Long Beach Courthouse, Case No. 11U00071. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.